**NOT FOR PUBLICATION**

# In the

# United States Court of Appeals

## For the Eleventh Circuit

————————————————

No. 25-12983

Non-Argument Calendar

————————————————

WILLY HODGE,

CALISTA HODGE,

   Individually and as Natural Parents of Warrick Hodge,
   Warnick Hodge, and Windsor Hodge,

*Plaintiffs-Appellants,*

*versus*

MOLSON COORS BEVERAGE COMPANY USA, LLC,

   f.k.a. MillerCoors, LLC,

COYOTE LOGISTICS, LLC,

*Defendants-Appellees.*

————————————————

Appeal from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 1:24-cv-04735-SDG

————————————————

Before NEWSOM, GRANT, and BRASHER, Circuit Judges.

PER CURIAM:

Willy Hodge, his wife, and his three children were hit by a semitruck owned and operated by Touba Transportation. Touba was hired for that route by Coyote Logistics, who was in turn hired by Schneider Logistics, who was in turn hired by Molson Coors Beverage Company. The Hodges decided to sue only Coyote and Coors, alleging that they were both negligent in hiring Touba.

Coyote and Coors moved for judgment on the pleadings. The district court found that the Federal Aviation Administration Authorization Act (FAAAA) preempted the Hodges' claim against Coyote. As for the claim against Coors, the court found that Coors could be negligent only for parties it had directly hired—so Coors could not be liable for Coyote's choice of carrier. We vacate on the first claim and affirm on the second.

## I.

We review an order granting judgment on the pleadings de novo. *Samara v. Taylor*, 38 F.4th 141, 149 (11th Cir. 2022). We grant judgment on the pleadings when "there are no material facts in dispute and the moving party is entitled to judgment as a matter of law." *Id.* (quotation omitted). We "accept the facts alleged in the complaint as true and view them in the light most favorable to the nonmoving party." *Id.* (quotation omitted).

## II.

We first consider the Hodges' claim against Coyote. At the time of the district court's opinion, we had held that the FAAAA

preempted claims against brokers based on negligent selection of carriers. *Aspen Am. Ins. Co. v. Landstar Ranger, Inc.*, 65 F.4th 1261, 1270 (11th Cir. 2023), *abrogated by Montgomery v. Caribe Transp. II, LLC*, 608 U.S. ----, 2026 WL 1336188 (U.S. May 14, 2026). Since then, the Supreme Court has held otherwise. *Montgomery*, 608 U.S. at ----, 2026 WL 1336188, at *4. Because the district court relied on now abrogated caselaw, we vacate the judgment below and remand for further proceedings in light of the Supreme Court's decision in *Montgomery*.

Next, the negligent hiring claim against Coors. Maryland law has two elements in its negligent hiring tort for contractors.[1] The plaintiff must show (1) "that the failure of an employer to undertake a reasonable inquiry resulted in the contractor's hiring"; and (2) "that the hiring was a proximate cause of the plaintiff's injury." *Perry v. Asphalt & Concrete Servs., Inc.*, 447 Md. 31, 52 (2016) (alteration adopted and quotation omitted). The district court found no cases extending the theory beyond contractors hired directly by the defendant.

Here, Coors hired Schneider who hired Coyote who hired Touba.[2] So the Hodges needed to either provide a case showing

---

[1] The parties agree that Maryland law applies in this case.

[2] When considering a motion for judgment on the pleadings, we may consider documents that are central to the plaintiffs' claims and undisputed. *Horsley v. Feldt*, 304 F.3d 1125, 1134 (11th Cir. 2002). In its answer, Coors included documents outlining the contractual relationship between Coors and Schneider, Schneider and Coyote, and Coyote and Touba.

that a party could face a negligent hiring claim when it was three hops removed from the hiring of the operator, or allege that the selection of Schneider was negligent and that their harm resulted from that selection.  Because they did not do either, their claim fails.

Instead, the Hodges argue that, because Coors "remained involved in the hiring process and reserved final authority" over the selection of carriers, it could be liable for the negligent hiring of any carrier.  But the Hodges fail to cite any authorities indicating that influence in the hiring process is the same thing as actually hiring the carrier.  *See NLRB v. McClain of Ga., Inc.*, 138 F.3d 1418, 1422 (11th Cir. 1998) ("Issues raised in a perfunctory manner, without supporting arguments and citation to authorities, are generally deemed to be waived.").  And with the contracts showing that Coyote, not Coors, hired Touba, their claim that Coors negligently hired Touba fails.  So we affirm the judgment of the district court on this claim.

*    *    *

We **VACATE** in part, **AFFIRM** in part, and **REMAND** for further proceedings consistent with this opinion.